UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Tomasa Romero Solis, Heriberto Gonzalez Najera, Anareli Mendiola Romero, Edgar Mendiola Romero, and Juan Carlos Mendiola Romero, | ) ) ) ) ) | C/A No.: 9:18-cv-00083-RMG-MGB |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| L. Frank Cissna, Director, United States Citizenship and Immigration Services, and United States Citizenship and Immigration Services, | ) ) ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

Imagine applying for a driver's license and waiting more than two years without a response. Or a business license. Or a social security number. Such administrative delay would prevent you from driving, working, or planning for the future; it would put life on hold.

Here, the government has delayed for more than two years any determination on a duly filed and certified I-918, Petition for U Nonimmigrant Status. Such delay has prevented Plaintiffs from acquiring deferred action, work authorization, driver's licenses, and social security numbers. Most nefariously, this inaction leaves these victims of crime subject to detention and removal from the United States. In light of the current administration's increase in enforcement efforts, this delay is no longer palatable.

For the reasons below, this Court should compel the Defendant to make a decision about whether to place the Plaintiffs on the U-Visa waiting list, turn over their alien registration files

under the Freedom of Information Act, and award the Plaintiffs reasonable attorneys' fees and costs under the Equal Access to Justice Act.

## PARTIES

1. Plaintiff Tomasa Romero Solis is a national and citizen of Mexico. She permanently resides in Beaufort County, South Carolina.

2. Plaintiff Heriberto Gonzalez Najera is a national and citizen of Mexico. He permanently resides in Beaufort County, South Carolina. He is spouse of Plaintiff Tomasa Romero Solis.

3. Plaintiff Anareli Mendiola Romero is a national and citizen of Mexico. She is the daughter of Plaintiff Tomasa Romero Solis.

4. Plaintiff Edgar Mendiola Romero is a national and citizen of Mexico. He is the son of Plaintiff Tomasa Romero Solis.

5. Plaintiff Juan Carlos Mendiola Romero is a national and citizen of Mexico. He is the son of Plaintiff Tomasa Romero Solis.

6. Defendant L. Frank Cissna is the Director of the United States Citizen and Immigration Services ("USCIS"). In his official capacity, he is responsible for enforcing the Immigration and Nationality Act and its attendant regulations, including but not limited to timely adjudicating I-918, Petitions for U Nonimmigrant Status, U-visa derivative applications, and U-visa collateral benefits. 8 C.F.R. § 214.14(c).

7. United States Citizenship and Immigration Services is the agency responsible for adjudicating immigration benefits and responding to requests under the Freedom of Information Act.

## VENUE AND JURISDICTION

8. This Court has jurisdiction over this complaint under 28 U.S.C. § 1331and 5 U.S.C. § 552(a)(4)(B).

9. Venue is proper in this Court under 28 U.S.C. § 1391 and 5 U.S.C. § 552(a)(4)(B) because a substantial part of the events or omissions giving rise to the claim occurred in the District of South Carolina; Plaintiffs reside in Beufort County, South Carolina; and Plaintiffs petitioned for their immigration benefits in Charleston County, South Carolina. Further, Defendants do business in Charleston County, South Carolina.

10. Plaintiffs have exhausted all administrative remedies.

11. Plaintiffs have constructively exhausted all administrative remedies.

## FACTS

### *U-Visa Framework*

12. Foreign nationals that are victims of crimes committed in the United States may qualify for a visa under 8 U.S.C. § 1101(a)(15)(U) ("U-Visa").

13. To qualify, the foreign national must be the victim of a qualifying crime, including but not limited to:

    > Rape; torture; trafficking; incest; domestic violence; sexual assault; abusive sexual contact; prostitution; sexual exploitation; female genital mutilation; being held hostage; peonage; involuntary servitude; slave trade; kidnapping; abduction; unlawful criminal restraint; false imprisonment; blackmail; extortion; manslaughter; murder; felonious assault; witness tampering; obstruction of justice; perjury; or attempt, conspiracy, or solicitation to commit any of the above mentioned crimes.

    8 C.F.R. § 214.14(a)(9).  These are all serious crimes.

14. To apply for a U-Visa, first, victims who suffer direct and proximate harm as a consequence of such qualifying crime must acquire a U-Visa "certification" from a

"certifying agency" that states, <u>inter alia</u>, the foreign national possesses important information about the crime and he or she will cooperate in the agency's ongoing investigation or prosecution. 8 C.F.R. § 214.14(c)(2)(i).

15. A "certifying agency" is a "federal, state, or local law enforcement agency, prosecutor, judge, or other authority, that has responsibility for the investigation or prosecution of a qualifying crime or criminal activity." 8 C.F.R. § 214.14(a)(2).

16. After they get a U-Visa certification, the foreign national must complete and submit an I-918, Petition for U Nonimmigrant Status ("U-Visa Petition"), comprising the U-Visa Petition, the U-Visa certification, and other evidence of eligibility. <u>See</u> Form I-918 Instructions at 10-13 (Feb. 7, 2107) <u>available at</u> https://www.uscis.gov/i-918 (then click on link to "Form I-918 Instructions") (last visited January 2, 2018).[1]

17. In addition to the victim/applicant, "qualifying family members" of the victim may also apply for U-Visas. 8 C.F.R. § 214.14(f). Such derivative beneficiaries' petitions rise and fall with the principle applicant's petition.

18. Congress allocates 10,000 U-Visas per fiscal year. 8 C.F.R. § 214.14(d)(1).

19. This cap has been reached every year since 2008.

20. In light of this backlog, USCIS created a waiting list ("U-Visa Waiting List"). 8 C.F.R. § 214.14(d)(2).

21. Section 214.14(d)(2) states in full:

> (2) *Waiting list.* All eligible petitioners who, due solely to the cap, are not granted U-1 nonimmigrant status must be placed on a waiting list and receive written notice of such placement. Priority on the waiting list will be determined by the date the petition was filed with the oldest petitions receiving the highest priority. In the next fiscal year, USCIS will issue a

---

[1] USCIS's forms and instructions carry the force of law and control when inconsistent with its regulations. 8 C.F.R. § 103.2(a)(1).

        number to each petition on the waiting list, in the order of highest priority, providing the petitioner remains admissible and eligible for U nonimmigrant status. After U-1 nonimmigrant status has been issued to qualifying petitioners on the waiting list, any remaining U-1 nonimmigrant numbers for that fiscal year will be issued to new qualifying petitioners in the order that the petitions were properly filed.

Id.

22. Once a U-Visa Applicant is placed on the U-Visa Waiting list USCIS must grant deferred action to the applicant and his or her qualifying family members: "USCIS <u>will grant deferred action</u> or parole to U-1 petitioners and qualifying family members while the U-1 petitioners are on the waiting list." Id.

23. Similarly, once a U-Visa Applicant is placed on the U-Visa Waiting list, USCIS may grant work authorization to the applicant and his or her qualifying family members: "USCIS, in its discretion, may authorize employment for such petitioners and qualifying family members." Id.

24. Once a foreign national acquires work authorization, he or she can acquire a social security number.

25. And once a foreign national permanently residing in South Carolina acquires a social security number and work authorization, he or she becomes eligible for a South Carolina driver's license.

26. Thus, once USCIS places a U-Visa applicant and his or her derivatives on the U-Visa Wait List, the applicant and qualifying family members will acquire deferred action and may acquire work authorization, a social security number, and a South Carolina driver's license.

5

*Mrs. Solis*

27. Mrs. Solis was the victim of criminal domestic violence of a high and aggravated nature in the United States.

28. This is a qualifying crime for under the U-Visa statute.

29. She suffered substantial physical and mental abuse as a result of this crime.

30. The crime was the direct and proximate cause of such harm.

31. A certifying agency determined that Mrs. Solis was the victim of a qualifying crime.

32. A certifying agency determined that Mrs. Solis possessed valuable information about such crime.

33. A certifying agency determined that Mrs. Solis was helpful in the investigation or prosecution of the crime.

34. A certifying agency issued Mrs. Solis a U-Visa certification.

35. On February 27, 2015, Mrs. Solis submitted a U-Visa application and an application for her qualifying relatives.

36. Since February 27, 2015, USCIS has not made a decision about whether to put Mrs. Solis or her qualifying relatives the U-Visa Wait List.

37. This delay has deprived Mrs. Solis and Mr. Najera of acquiring deferred action.

38. This delay has also deprived both of them from seeking work authorization based on deferred action.

39. This delay has precluded both from acquiring social security numbers or South Carolina driver's licenses.

40. This delay has precluded Mrs. Solis's children from immigrating to the United States.

41. On or before December 6, 2017, Mrs. Solis filed a request under the Freedom of Information Act for the entirety of her alien registration file with USCIS.

42. As of the filing of this suit, USCIS has not provided her any documents in response to this request.

## FIRST CAUSE OF ACTION
(Administrative Procedures Act – Unreasonably Delayed Agency Action)

43. Plaintiffs re-allege all of the allegations contained herein.

44. At the time of filing this application, Mrs. Solis and her qualifying relatives' applications have been pending for two years and ten months or thirty-four months or 1047 days.

45. This is an unreasonable delay.

46. USCIS has a duty under the Administrative Procedures Act ("APA") to make a decision about whether to put a U-Visa applicant and his or her qualifying family members on the U-Visa Waitlist "within a reasonable amount of time."  5 U.S.C. § 555(b).

47. This is not a discretionary decision:  "All eligible petitioners who, due solely to the cap, are not granted U-1 nonimmigrant status must be placed on a waiting list and receive written notice of such placement."  8 C.F.R § 214.14(d)(2).

48. This district has determined that the APA requires USCIS to make a decision on pending immigration benefits applications within a reasonable amount of time: "USCIS's compliance with the APA is not immune from judicial review. Courts have found that the Government's failure to take any action on an immigration application could run afoul of the requirement that an agency conclude the matters presented to it within a reasonable time." Alkassab v. Rodriguez, No. 16-126, 2017 WL 1232428, at *5 (D.S.C. Apr. 3, 2017) (Gergel, J.).

7

49. Congressional policy indicates that all immigration application should be decided within six months:

> It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application, except that a petition for a nonimmigrant visa under section 1184(c) of this title should be processed not later than 30 days after the filing of the petition.

8 U.S.C. § 1571(b).

50. This is an unreasonable delay under the five factors laid out in Telecommunications Research & Action Ctr. v. FCC ("TRAC"), 750 F.2d 70 (D.C. Cir. 1984).

51. First, USCIS has no rule of reason that governs when it makes the decision whether to place a U-Visa applicant on the U-Visa Waiting List. In fact, recently, it noted that the decision times would increase due to training.

52. Second, to the extent it has a rule of reason, congress has indicated that USCIS should act on all immigration benefits applications within six months. 8 U.S.C. § 1571(b).

53. Third, USCIS's U-Visa Regulations affect human health and welfare. Plaintiffs are unable to plan their future or be secure in their homes without a decision about whether they should be placed on the U-Visa Wait List.

54. Fourth, compelling agency action on USCIS's decision to put Plaintiffs on the U-Visa Wait List would have no effect on a USCIS activity of a higher or competing priority. In fact, USCIS has claimed that timely adjudication of U-Visa Applications is a priority. Compelling agency action here would not prejudice USCIS.

55. Plaintiffs' interest prejudiced by the continued delay are substantial. Plaintiffs are deprived of the right to deferred action, to seek admission to the United States, and to

apply for work authorization, a social security number, and a South Carolina driver's license..

56. Fifth, a finding that a 34-month delay in its decision to put the Plaintiffs on the U-Visa Wait List is unreasonable does not require a finding of agency impropriety.

57. The TRAC Factors weigh in favor of this Court compelling USCIS to determine immediately whether Plaintiffs should be put on the U-Visa Wait List.

58. It is, however, inappropriate for this Court to make a decision on the merits of this case—whether the TRAC Factors militate in favor or against a finding of unreasonable delay—unless or until USCIS answers and produces a certified administrative record revealing the agency's _actual_ rationale for this delay.

59. Further, a declaration or affidavit from the agency is an insufficient substitute for the actual rationale contained in the certified administrative record.

60. Thirty-four months is an unreasonable delay for USCIS to make a prima facie eligibility decision and decide whether to place Plaintiffs on the U-Visa Wait List.

61. Once Plaintiffs are put on the U-Visa Wait List, they will still have to wait years to actually receive a U-Visa.

62. The delay is not substantially justified.

SECOND CAUSE OF ACTION<br>(Freedom of Information Act)

63. Plaintiffs re-allege all of the allegations contained herein.

64. Mrs. Solis filed a Freedom of Information Act request with USCIS on or before December 6, 2017.

65. Since filing the request, USCIS has not provided Mrs. Solis with the documents she requested.

66. It has been more than twenty business days since USCIS received the FOIA request.

67. USCIS has unlawfully withheld such documents.  5 U.S.C. § 552(a)(6)(A)(i).

68. Mrs. Solis is entitled to an order compelling USCIS to provide those documents.  5 U.S.C. § 552(a)(4)(B).

69. Mrs. Solis is entitled to reasonable attorney's fees and costs.  5 U.S.C. § 552(a)(4)(E)(i).

## THIRD CAUSE OF ACTION
(Procedural Due Process)

70. Plaintiffs re-allege all of the allegations contained herein.

71. Plaintiffs have a legitimate claim of entitlement to a decision on whether they should be placed on the U-Visa Wait List within a reasonable amount of time.  See 8 C.F.R. § 214.14(d)(2); 5 U.S.C. § 555(b).

72. This interest is significant because a decision to put the Plaintiffs on the U-Visa Wait List accords Plaintiffs with deferred action and a South Carolina driver's license and the right to apply for work authorization and a social security number.

73. This interest is so significant that the Due Process clause requires a decision in a reasonable amount of time.

74. The governmental interest in delaying these prima facie, initial determinations is minimal; it would add very little administrative burden.  In fact, USCIS has authority to make such decision upon merely finding an applicant prima facie eligible and credible.  It is further worth noting that, by requiring a certifying agency to issue the U-Visa Applicant a U-Visa Certification, a governmental body is already making a significant portion of the decision for USCIS.

75. Unreasonably delaying an initial, prima facie determination on an U-Visa Application and its collateral benefits for the applicant and his or her derivatives violates Due

10

Process, on its face and as applied, because it deprives individuals of their property interest in a timely decision on an U-Visa application without due process of law.

76. Such unreasonable delay is not substantially justified.

## CLAIM FOR EQUAL ACCESS TO JUSTICE ACT FEES

77. Plaintiff re-alleges all of the allegations herein.

78. USCIS's failure to render a decision on whether Plaintiffs should be placed on the U-Visa Wait List within a reasonable amount of time is substantially unjustified under the APA.

79. USCIS's failure to render a decision on whether Plaintiffs should be placed on the U-Visa Wait List within a reasonable amount of time is substantially unjustified under the Due Process Clause.

80. USCIS's failure to produce Mrs. Solis's alien registration file in a timely fashion is substantially unjustified.

81. Plaintiffs' net worth is less than $2,000,000, and they otherwise qualify for fees under the Equal Access to Justice Act.

82. Plaintiffs are, therefore, entitled to reasonable attorney's fees under the Equal Access to Justice Act.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF PRAY THAT THIS COURT WILL:

83. Take jurisdiction over this delayed adjudication;

84. Declare that it is unreasonable for USCIS to delay for thirty-four months its decision to place a U-Visa Applicant and any derivatives on the U-Visa Waitlist;

85. Order USCIS to make a decision about whether to place Plaintiffs on the U-Visa Waitlist within 7 days;

86.  Order USCIS to produce Plaintiff's alien registration file within 7 days;

87.  Order USCIS to pay Plaintiffs' reasonable attorney's fees for the entire cost of this litigation; and

88.  Enter and issue other relief that this Court deems just and proper.

January 9, 2018                              Respectfully submitted,

                s/Bradley B. Banias
                BRADLEY B. BANIAS
                Barnwell Whaley Patterson & Helms, LLC
                SC Bar No.: 76653
                Fed. ID No.: 11585bb
                ANNA STRANDBERG
                SC Bar No.:  102432
                Fed. ID No.:  12491as
                288 Meeting Street, Suite 200
                Charleston, SC 29401
                P: 843.577.7700
                F: 843.577.7708
                bbanias@barnwell-whaley.com
                astrandberg@barnwell-whaley.com

                s/Stephanie Nodine
                STEPHANIE NODINE
                Law Office of Stephanie Nodine, LLC
                SC Bar No.: 78948
                Fed. ID No.: 12302sn
                3226 Maybank Hwy, Suite B1
                Johns Island, SC 29455
                P: (843) 277-2913
                F: (843) 779-0611
                stephanie@charlestonimmigrationlaw.com

                Attorneys for Plaintiffs