**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| Tomasa Romero Solis, ) | Civil Action No: 9:18-00083-MBS |
| Heriberto Gonzalez Najera, ) | |
| Anareli Mendiola Romero, ) | |
| Edgar Mendiola Romero, and ) | |
| Uan Carlos Mendiola Romero, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | **OPINION AND ORDER** |
| v. ) | |
| ) | |
| L. Frank Cissna, Director, United States ) | |
| Citizenship and Immigration Services, ) | |
| and United States Citizenship and ) | |
| Immigration Services, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## I.    RELEVANT FACTS AND PROCEDURAL HISTORY

Tomasa Romero Solis, Heriberto Gonzalez Najera, Anareli Mendiola Romero, Edgar Mendiola Romero, and Juan Carlos Mendiola Romero ("Plaintiffs") filed this action on January 9, 2018, against L. Frank Cissna, United States Citizenship and Immigration Services ("USCIS") ("Defendant"), alleging that the USCIS unreasonably delayed[1] issuing Plaintiffs U-Visa work authorizations.  Plaintiffs filed their motion for summary judgment on December 21, 2018. ECF Nos. 65, 66. Defendant filed its response and cross motion for summary judgment on February 22, 2019. ECF No. 77. Plaintiffs sought two forms of relief: an order compelling Defendant to issue work authorization immediately under 8 U.S.C. § 1184(p)(6); and an order compelling Defendant to render a decision within 30 days on their eligibility to be placed on the waiting list.

---

[1] Plaintiffs' authorizations were pending for at least 37 months.

ECF No. 65-1 at 2. Defendant sought summary judgment in its favor that the delay in adjudicating Plaintiffs' petitions is reasonable. The court granted Plaintiffs' motion for summary judgment and denied Defendant's motion for summary judgment on July 11, 2019. ECF No. 84.

On March 5, 2020, Plaintiffs moved for attorney's fees under the Equal Access to Justice Act ("EAJA"). ECF No. 96.  On March 16, 2020, Defendant filed a motion to stay Plaintiffs' EAJA motion. ECF No. 97. Defendant asserts that a case before the Court of Appeals for the Fourth Circuit, Gonzalez v. Cissna, 364 F. Supp. 3d 579 (E.D.N.C. 2019), is similar to this case, and the Fourth Circuit's ruling is essential to the court's ruling on Plaintiffs' EAJA motion. Defendant argues that in order to rule on Plaintiffs' EAJA motion, the court must determine whether Defendant's position was substantially justified, and a decision in Gonzales could aid the court in making such a determination. Id. Plaintiffs filed a response in opposition on March 24, 2020, stating that the Gonzales case is distinguishable, and the court should not stay its ruling on Plaintiffs' EAJA motion.  ECF No. 98.

## II.     ANALYSIS AND DISCUSSION

Under the EAJA, the government must pay a prevailing party's attorney's fees. The Act states:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

In the Gonzales case, the district court dismissed claims of agency inaction[2] on U-Visa work authorization claims. 364 F. Supp. 3d at 587.   The issues before the Fourth Circuit in the Gonzales case are 1) whether the Gonzalez district court correctly held that the plaintiffs failed to state a U-Visa waiting list unreasonable-delay claim; and 2) whether the Gonzalez court correctly held that it lacked jurisdiction over the 8 U.S.C. § 1184 (p)(6) work authorization claim. These issues appear to mirror the issues that were before the court in the instant action.

The Gonzales case was argued before the Fourth Circuit on May 27, 2020. See Remote Oral Argument, Ansberto Gonzalez v. Kenneth Cuccinelli, II, https://www.ca4.uscourts.gov/oral-argument/remote-oral-arguments/05-27-2020-no.-19-1435-ansberto-gonzalez-v.-kenneth-cuccinelli-ii. During remote oral argument, The Honorable Pamela A. Harris asked the government's attorney about the instant case, specifically about this court's finding that the government had "not substantiated its claims" about processing the visa applications and the reasons for the delay. Id.

Based on the questions presented to the Fourth Circuit and the questions posited by the Fourth Circuit at oral argument, the court finds that a ruling in the Gonzales case could help the court determine whether Defendant's position in the instant action was substantially justified.  In the interests of judicial economy, the government's motion to stay, ECF No. 97, is **GRANTED**. Plaintiffs' motion for fees, ECF No. 96, is hereby **STAYED** until such time as the Fourth Circuit issues an opinion in Gonzales v. Cuccinelli, No. 19-1435.

---

[2] The U-Visa applicants in Gonzales waited "at least 30 months" for claim processing. 364 F.Supp 3d at 581.

**IT IS SO ORDERED**.

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Dated: June 22, 2020
Charleston, South Carolina